UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONE COMMUNICATIONS CORP., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to a class of Jewish Account Executives who were adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Defendant, One Communications Corp. discriminated against Collin Buten, Alan Gordon and March Reinstein by subjecting them to a hostile work environment because of their Jewish religion.

The Commission further alleges that the Account Executives complained about the harassment, but no corrective action was taken. As a result, Gordon was constructively discharged from his position. As a result of Defendant's discriminatory actions, the class of claimants suffered emotional distress and Gordon additionally suffered back pay damages

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title

1

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, One Communications Corp.("Defendant Employer" and/or "Defendant"), has continuously been and is now doing business in the Commonwealth of Pennsylvania and the City of Conshohocken and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Collin Buten, Alan Gordon and Marc Reinstein filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2005 Defendant Employer has engaged in unlawful employment practices at its Conshohocken, Pennsylvania facility, in violation of sections 703(a)(1) of Title

VII, 42 U.S.C. Section 2000e-2(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) when Defendant subjected Collin Buten, Alan Gordon and Marc Reinstein to a hostile work environment based on their religion. These unlawful practices include, but are not limited to, the following:

(a)   Defendant employed Gordon, Buten and Reinstein as Account Executives. All three employees were Jewish.

(b)   Beginning in 2005, Defendant's Vice President of Sales, non Jewish, on a regular and consistent basis, made anti-Semitic remarks directed at the Jewish employees, including but not limited to addressing them as "Matzo Ballers" and "Jewy Spinners;" remarking that they were doing their "Jewy thing;" and asking if they were going to "matzo ball lunches with their matzo ball friends."

(c)   Buten, Gordon and Reinstein complained to Defendant's management about the harassment, but the harassment continued.

(d)   As a result of the intolerable work environment, Gordon was constructively discharged.

(8)   The effect of the practices complained of in paragraph 7 above has been to deprive the class of Jewish employees of equal employment opportunities and otherwise adversely affect their status as employees because of their religion in violation of Title VII.

(9)   The unlawful employment practices complained of in paragraph 7 above were intentional and were done with malice or with reckless indifference to the federally protected rights of the class of Jewish employees in violation of Title VII.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

3

  A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment based upon a person's religion or any other employment practice which discriminates on the basis of religion.

  B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities to individuals, a work environment free of religious discrimination and which eradicates the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to institute and carry out anti-discrimination policies and a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

  D. Order Defendant Employer to institute and carry out a training program which promotes supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  E. Order Defendant Employer to make whole Alan Gordon by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  F. Order Defendant Employer to make whole Collin Buten, Alan Gordon and Mark Reinstein by providing compensation for past and future pecuniary losses resulting from the

unlawful employment practices described in paragraph 7 above, including, but not limited to, out-of-pocket losses in amounts to be determined at trial.

G. Order Defendant Employer to make whole Collin Buten, Alan Gordon and Mark Reinstein by providing compensation for past and future non pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including pain and suffering, humiliation, embarrassment, inconvenience, and loss of life's pleasures, in amounts to be determined at trial.

H. Order Defendant Employer to pay Collin Buten, Alan Gordon and Mark Reinstein punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.,
Washington, DC 20507

_____
DEBRA M. LAWRENCE
Acting Regional Attorney

_____
DAWN M. EDGE
Trial Attorney

5

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Telephone:    (215) 440-2687
Facsimile:    (215) 440-2848
Email: dawn.edge@eeoc.gov